Johnson, J.,
delivered the opinion of the Court.
Tiiis Court concurs with the Chancellor in his decree in this case. In the case of the Earl of Thomond v. the Earl of Suffolk, 1 P. Wms. 469, the rule was established to be, in equity, as at law, that if a woman contract debts dum sola, and afterwards marry, the husband is liable during coverture ; but if the wife die, the liability of the husband ceases, unless judgment has been obtained against him in her life time, in which case it then became his own debt: but if no judgment has , been recovered, he cannot be made liable, although he had received a fortune with her. In Heard v. Stamford, 3 P. Wms. 411, and Cas. Temp. Talb. 173, S. C., Lord Talbot reiterated the rule, and said, that he was unable to see how any thing but an act of parliament could alter the law. Our own Court of Equity adopted the same rule in Buckner v. Smyth, 4 Desaus. 371; and .although that was merely a circuit decision, it has received the approbation both of the bar and the bench.
It is impossible to reconcile the case of Moone v. Herndon, reported under the title of Moone v. Henderson, in 4 Desaus. 459, to this rule: but however it may have been actually violated under the peculiar circumstances of that case, it is very clear from the note of the reporter, who was one of the members of the Court, that the rule was intended to be preserved. The case professes to be one of peculiar circumstances, but these are not stated. My own knowledge of the parties enables me to state, certainly, that the defendant’s wife, the executrix of Andrew Lee, was also one of his children ; and it may be, that by the terms of the will she was intitled, in common with the other children, to a portion of the estate, and had committed a devastavit, to the extent of her interest, and the husband, nevertheless, claimed an equal dividend of what remained of the property bequeathed. If that were the case, the amount of the devastavit was properly chargeable to her, as so much of her dividend, and the other legatees were intitled to the residue. See Phœlon v. Houseal, 2 M’C. Ch. 432.
*168 The motion to reverse the Chancellor’s decree in the present case is dismissed.
O'Neall, J , and Evans, J., sitting for Harper, J., absent from indisposition, concurred.

Decree affirmed.